# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

_____

| | |
|---|---|
| THURSTON M. BOLTON, | )   C/A No.: 4:14-cv-4858-RMG-TER |
| | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   **Report and Recommendation** |
| | ) |
| | ) |
| WARDEN, McCORMICK | ) |
| CORRECTIONAL INSTITUTION, | ) |
| | ) |
| Respondent. | ) |
| _____ ) | |

Petitioner, Thurston M.Bolten (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 30, 2014. Respondent filed a motion for summary judgment on May 21, 2015, along with a return and memorandum. (Docs. #18 and #19). The undersigned issued an order filed May 22, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #20). Petitioner filed a response on June 22, 2015. (Doc. #23).

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently confined at the MacDougall Correctional Institution in the South Carolina Department of Corrections. Petitioner was indicted by the Charleston County Grand Jury in June 2008, for criminal sexual conduct (CSC) in the first degree and kidnapping. Petitioner was represented by W. Ted Smith, Esquire, sitting first chair, and Mary Ford, Esquire, sitting second chair. Petitioner proceeded to trial by jury before the Honorable R. Markley Dennis, Jr., Circuit Court Judge on August 31-September 1, 2009. Petitioner was found guilty of kidnapping but not CSC in the first degree, as charged. Judge Dennis sentenced Petitioner to twenty years for kidnapping. (App. 1-326; 480).

### **Direct Appeal**

Petitioner filed and served a Notice of Appeal. Assistant Appellate Defender Elizabeth A. Franklin-Best represented him on appeal. However, on June 23, 2010, Ms. Franklin-Best submitted a June 18, 2010, affidavit of Petitioner, in which he indicated that he wished to voluntarily withdraw his appeal and asked the Court to dismiss the appeal. On June 24, 2010, the South Carolina Court of

Appeals filed an Order of Dismissal, dismissing his appeal. It sent the remittitur to the Charleston County Clerk of Court on July 14, 2010.

**PCR**

On August 9, 2010, Petitioner filed an Application for Post-Conviction Relief (PCR) (2010-CP-10-6416), asserting the following claims:

1. Ineffective assistance of trial counsel in that counsel:

    a.  Failed to conduct a proper pre-trial investigation (i.e., subpoena witnesses, introduce telephone records, produce and show the blue towel found in Applicant's car with no positive test results).

    b.  Failed to concur with Applicant when Applicant requested twice formally that counsel be relieved from the representation of Applicant.

    c.  Failed to carry out the objective and directives of Applicant (i.e., failed to properly file speedy trial motion, failed to professionally and competently represent Applicant).

    d.  Failed to properly introduce accuser's clothes into evidence for jury consideration.

    e.  Failed to introduce evidence of accuser stating that oral sex occurred between accuser and Applicant.

    f.  Failed to object to solicitor's misconduct (i.e., Assistant Solicitor Peter McCoy states in closing argument that Applicant rips accuser's clothes off. Assistant Solicitor Adam Young states that accuser runs out at 5:00 PM).

3

g.    Failed to object to state witness Michelle Emerson's statement giving the wrong Time when she stated that it was 6:00 when she went to the store on the date of this incident.

h.    Failed to object to the jury returning a legally inconsistent verdict.

i.    Counsel's statement to the jury that he cannot explain the reasons that accuser was bringing these false allegations is unfounded because Applicant provided counsel with the reasons.

j.    Failed to request a lesser-included offense in regard to the kidnapping indictment.

(App. 331-52).

The State filed its Return on March 29, 2011. (App. 404-07).

An evidentiary hearing in this action was held on September 14, 2011, before the Honorable Deadra L. Jefferson at the Charleston County Courthouse. Petitioner was present and was represented by David M. Holton, Esquire. The State was represented by Assistant Attorney General Matthew J. Friedman. Petitioner testified on his own behalf and trial counsel, Mr. Smith, testified. On November 3, 2011, the PCR Court filed its Order of Dismissal.

**PCR Appeal**

Petitioner timely served and filed a Notice of Appeal. On appeal, Petitioner was represented by Breen Richard Stevens, Assistant Appellate Defender. Petitioner's

4

appeal to the denial of relief from the PCR Court was perfected with the filing of a

Johnson Petition for Writ of Certiorari. The only issue raised in the Johnson Petition,

was as follows:

> Whether the PCR court erred in finding Counsel's performance was not deficient where Counsel failed to object to the prosecution's comment in closing argument that the Complaining Witness' clothes were ripped off, yet where there was no evidence that the clothes were ripped?

Petitioner filed a *pro se* response to the Johnson petition dated October 19, 2012, in

which he presented the following issues:

> 1. The PCR Court did err in finding trial counsel's performance was not deficient where counsel failed to properly cross-examine the complaining witness about a prior inconsistent statement that she and the Petitioner engaged in oral sex.
>
> 2. The PCR Court did err in finding trial counsel's performance was not deficient in counsel's failure to provide a defense for Petitioner's kidnapping indictment.
>
> 3. The PCR Court did err in finding trial counsel's performance was not deficient in counsel [employing] [an] invalid trial strategy.

The South Carolina Supreme Court filed an order denying certiorari and granting

counsel's petition to be relieved on May 22, 2014. It sent the remittitur to the

Charleston County Clerk of Court on June 9, 2014.

5

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:[2]

GROUND ONE:          Ineffective Assistance of Trial counsel

THE LOWER COURTS ERRED IN FINDING COUNSEL'S PERFORMANCE WAS NOT DEFICIENT WHERE COUNSEL FAILED TO PROPERLY CROSS EXAMINE THE COMPLAINING WITNESS ABOUT A PRIOR INCONSISTENT STATEMENT THAT SHE AND THE PETITIONER ENGAGED IN ORAL SEX.

GROUND TWO:          THE LOWER COURTS ERRED IN FINDING COUNSEL'S PERFORMANCE WAS NOT DEFICIENT IN COUNSEL'S FAILURE TO PROVIDE A DEFENSE FOR PETITIONER'S KIDNAPPING INDICTMENT

GROUND THREE:        THE LOWER COURTS ERRED IN FINDING COUNSEL'S PERFORMANCE WAS NOT DEFICIENT WHERE COUNSEL FAILED TO OBJECT TO THE PROSECUTION'S COMMENT IN CLOSING ARGUMENT THAT THE COMPLAINING WITNESS CLOTHES WERE RIPPED OFF, YET WHERE THERE WAS NO EVIDENCE THAT THE

---

[2] Petitioner only listed Ground One in his habeas petition and stated "see attachments." (Petition at 5). In the attachments, Petitioner seems to raise different grounds delineated by all capital letters. Therefore, the Respondent addressed them as Grounds One-Four. In his response in opposition to the motion for summary judgment, Petitioner also delineates the grounds as Grounds One-Four. Therefore, the undersigned is addressing the grounds in the same fashion.

CLOTHES WERE RIPPED.

GROUND FOUR:        THE    LOWER    COURTS ERRED IN
FINDING COUNSEL'S PERFORMANCE
WAS   NOT   DEFICIENT   IN   COUNSEL
EMPLOYING   AN   INVALID   TRIAL
STRATEGY.

(Petition).

## **STANDARD OF REVIEW**

In addition to the standard that the court must employ in considering motions

for  summary  judgment,  the  court  must  also  consider  the  petition  under  the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be  granted  with  respect  to  any  claim  that  was
> adjudicated  on  the  merits  in  the  State  court  proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination  of  the  facts  in  light  of  the  State  court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case.  Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)).  However, "an 'unreasonable application of

7

federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.* "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

As the grounds raised in the petition pertain to claims of ineffective assistance of counsel, the law with respect to these issues are set forth below with subsequent discussion of each ground individually.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an

8

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland , supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors,

9

> the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).

**Ground One**

In Ground One, Petitioner argues ineffective assistance of counsel alleging trial counsel failed to cross-examine the complaining witness about a prior statement she made that she and Petitioner engaged in oral sex. Petitioner alleges there were inconsistencies because she testified during cross-examination that she did not state in her original statement to the police that they had engaged in oral sex. However, Petitioner argues that the medical examiner's report indicated that she stated she and Petitioner engaged in oral sex. (See App. p. 374). Petitioner argues if trial counsel had

10

pointed out this inconsistency, it would have led to the impeachment of the witness thereby attacking her credibility.  Petitioner argues that by attacking her credibility using a prior out-of-court statement, he may have been acquitted of both the criminal sexual conduct charge and the kidnapping charge.

Respondent asserts that the state court's rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established United States Supreme Court precedent under §2254(d)(1).

At the PCR hearing, both trial counsel and Petitioner testified. The PCR court found trial counsel's testimony credible while finding Petitioner not credible. The PCR court found that counsel made a valid strategic decision not to call any witnesses or present any evidence to preserve last closing argument and further held the following with regard to this issue:

> This Court also finds counsel was not ineffective for failing to cross-examine the victim about a prior statement that she and the Applicant engaged in oral sex. Counsel could have used the victim's prior out-of-court statement to impeach the victim's testimony which did not include any mention of oral sex between the two. (Tr. 111:15:22.) However, counsel's failure to cross-examine the victim on this issue is a nullity since he was acquitted of CSC, first degree.

(Tr. 474).

Based upon the record, the PCR court's rejection of the ineffective assistance

of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. The PCR court found counsel's testimony credible while finding Petitioner's testimony not credible. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear)); see also Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. At trial, counsel had Victim testify that she did not state in her police report that she and Petitioner had oral sex. (Tr. 11). Counsel testified that he did not want to introduce any evidence so that he could preserve last argument. Further, trial counsel testified that he thought the conflicting evidence with regard to the victim's prior out-of-court statements concerning the issue of oral sex had been "pointed out in testimony as opposed to

12

introducing any type of report." (Tr. 442). Therefore, Counsel relied on the testimony as opposed to introducing any type of report to attack her credibility and losing last argument. (Tr. 442). The state PCR court's findings that counsel's trial strategy was valid is entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1). Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground One.

**Ground Two**

In Ground Two, Petitioner argues that trial counsel was ineffective for failing to present an adequate defense to kidnapping because, although counsel mentioned kidnapping in his opening statement and in closing argument, he did not mention it throughout the other portions of the trial. Respondent asserts that the state court's rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established United States Supreme Court precedent under §2254(d)(1).

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. At the PCR hearing, the following colloquy took place during trial counsel's

testimony on direct with Petitioner's PCR counsel:

> Q:     But you would agree, particularly when it comes to the charge of
> kidnapping, that the testimony of the defendant under certain
> circumstances could be valuable testimony?

> A:     It's very valuable testimony. And actually, I had indicated early
> on, because of the allegation not only of the kidnapping but we are
> dealing with criminal sexual conduct first degree as well, that I
> thought it was probably a good idea for Mr. Bolton to testify
> regardless of his prior record and whether that encompasses not?

(Tr. 446).

> Upon cross-examination, the following colloquy took place:

> Q:     You heard the applicant testify that with the kidnapping charge,
> he testified that you had no defense to that charge. Would you
> agree to that?"

> A:     No. I think there was a defense to that charge that's contained in
> both the testimony and I believe in my closing argument, though
> I may not have said the kidnapping specifically.

> Q:     Do you recall Judge Dennis only charge part of the kidnapping
> statute?

> A:     He did.

> Q:     What part was that?

> A:     He charged the restraining portion of the kidnapping statute.

> Q:     Do you think that was to your client's benefit?

> A:     I'm not sure whether it was to his benefit or not. There was
> certainly testimony about how the victim had been restrained and
> the manner in which she had been restrained, and there was

14

objective evidence that was inconsistent with that.

Q:    Do you recall if you discussed the applicant's rights to testify with him?

A:    I did.

Q:    Did you explain to him that you would have the last argument if he did not testify or present evidence?

A:    I did.

Q:    Whose decision was it for him not to testify?

A:    It was his decision.

Q:    Do you recall if you were able to cross-examine the victim about her relationship with the applicant?

A:    I did. I was able to cross-examine her at trial.

Q:    Do you recall if is she admitted that there was a prior relationship prior to the day of the incident?

A:    She did admit that they–that Mr. Bolton had given her rides on several occasions, and that she had talked to him on the phone several times.

(Tr. 448-450).

The PCR court held as follows with regard to this issue:

This Court finds counsel presented an adequate defense to the offense of kidnapping in light of the facts adduced at trial. In his closing argument, counsel noted the victim had been in the car with Applicant before, that he never charged her for rides, that there was no force or coercion to get her into the car, and that they had been out to dinner before.

15

> (Tr. 259:3-297:23.) This Court finds counsel adequately represented Applicant on both charges.

(Tr. 476).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record. During trial, counsel discussed the fact that victim admitted she had been with Petitioner in his car without force or coercion on previous occasions, they had been out to dinner, and Petitioner never charged her for rides. (Tr. 90-99, 295-296). Therefore, it is recommended that Respondent's motion for summary judgment be granted as to Ground Two.

**Ground Three**

In Ground Three, Petitioner argues that trial counsel was ineffective for "failing to object to the State's comment during closing argument that Petitioner ripped

16

various article of clothing off of the complaining witness. No proof of ripped clothing was entered into evidence and there [was] no testimony of a bra, or underwear mention by the complaining witness or any other witness that testified." (Petition). During the PCR hearing, Petitioner testified that he thought his attorney should have objected during the solicitor's closing argument in which he stated that the clothes were "ripped" off. (Tr. 426).

At trial, the victim testified upon direct examination as follows with respect to this issue:

Q:     What does he take off first?

A:     My pants

Q:     How does he take them off?

A:     Rough.

Q:     Was he rough with you?

A:     Yes, sir.

Q:     Your pants come off. Does he ever take your shirt off?

A:     Yes, sir.

Q:     And how does He take your shirt off?

A:     Aggressive

Q:     Very aggressive?

A:     Um-humm–yes, sir.

(Tr. 78).

The portion of the closing argument that Petitioner is referring is as follows:

> It's not long after his pants come off, and his pants come off, and he's excited. He's sexually aroused. She can see that. He takes his shirt off. He's completely naked. He starts to take her clothes off. He rips her bottoms off her, rips her underwear off, rips her top off, rips her bra off.

(Tr. 268).

The PCR court held the following with respect to this issue:

> This Court finds counsel had no basis to object to the solicitor's remark in closing about the victim's clothes being forcibly removed. The victim testified the Applicant took her clothes off "by force." When asked how he took her pants and shirt off, the victim testified Applicant was "rough" when taking off her pants and was "aggressive" when taking off her shirt. The solicitor's remark merely restates what the victim's testimony shows. This Court finds that counsel was not ineffective for failing to object to the solicitor's closing argument.

(Tr. 237).

In this case, Petitioner cannot show that counsel's failure to object to the statements was error, much less that it was objectively unreasonable such that it rendered his performance deficient. Petitioner has failed to demonstrate that the PCR court erred in determining that trial counsel was not deficient in failing to object to the challenged statement and has failed to establish that there is a reasonable probability

that the result of the proceeding would have been different if trial counsel had objected to the comments. Strickland, 466 U.S. at 687, 694. The findings made by the PCR court are entitled to deference and Petitioner has failed to point to sufficient evidence to overcome that deference.

Accordingly, the PCR court's finding of a lack of error in or prejudice resulting from trial counsel's decision not to object to the solicitor's closing argument is not contrary to, nor does it involve an unreasonable application of, clearly established Federal law; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); Williams, 529 U.S. at 398. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Three.

## Ground Four

In Ground Four, Petitioner alleges ineffective assistance of trial counsel for "employing an invalid trial strategy." (Petition). Specifically, Petitioner argues that trial counsel's strategy of having last closing argument was ineffective.

The PCR court held the following with regard to this issue:

> This Court finds counsel made a valid strategic decision not to call any witnesses or present any evidence to preserve

19

last closing argument. . . Where trial counsel articulates a valid reason for employing a certain trial strategy, such conduct will not be deemed ineffective assistance of counsel. <u>Roseboro v. State</u>, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995). Counsel's strategy will be reviewed under "an objective standard of reasonableness." <u>Ingie v. State</u>, 348 S.C. 467, 470, 560 S.E.2d 401, 402 (2002). Here, counsel testified the witnesses he spoke with were not helpful and eventually became uncooperative. He testified the phone records were not necessary, because the victim admitted to multiple calls near the time of this event and a prior relationship with Applicant. Counsel testified he did not enter the victim's clothing into evidence, because there was other evidence that supported Applicant's position and he wanted to preserve last argument. Moreover, the clothing would have gone to support Applicant's position on the charge of CSC, first degree, of which the Applicant was acquitted; thus, the victim's clothing would have made no appreciable difference in the outcome of the case. This Court finds that further evidence regarding the phone conversations or victim's clothing would have been cumulative to evidence already in the record, this Court finds counsel's trial strategy to preserve last argument was valid and reasonable, particularly because credibility was an issue in this case.

(Tr. 832-833).

Based upon the record, the PCR court's rejection of the ineffective assistance of counsel ground for relief was not "contrary to, or involved an unreasonable application of, clearly established Federal law; or did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); <u>Williams, supra</u>. Additionally, a

presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, supra; Wilson v. Moore, supra. The PCR court found that trial counsel made a strategic decision. Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). Therefore, it is recommended that summary judgment be granted for Respondent with regard to Ground Four.

## CONCLUSION

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #19) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

s/Thomas E. Rogers, III
December 18, 2015                    Thomas E. Rogers, III
Florence, South Carolina            United States Magistrate Judge

**The parties' attention is directed to the important information on the attached notice**.