IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Thurston M. Bolton, | ) | |
| | ) | No.: 4:14-cv-4858-RMG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Warden, McCormick Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 26), recommending that Respondent's Motion for Summary Judgment (Dkt. No. 19) be granted and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

In June of 2008, a Charleston County Grand Jury indicted Petitioner for criminal sexual conduct in the first degree (CSC) and kidnapping. After a two-day jury trial, Petitioner was found guilty of the kidnapping charge and acquitted of the CSC charge. He received a twenty-year sentence for the kidnapping conviction.

Petitioner initially filed a notice of appeal, but his appellate counsel later filed an affidavit by the Petitioner in which he indicated a desire to voluntarily withdraw his appeal. (Dkt. No. 18-3). The South Carolina Court of Appeals dismissed the appeal on June 24, 2010 (Dkt. No. 18-4), and it sent the remittitur to the Charleston County Clerk of Court on July 14, 2010 (Dkt. No. 18-5).

1

On August 9, 2010, Petitioner filed an application for post-conviction relief (PCR) raising claims of ineffective assistance of trial counsel. An evidentiary hearing took place on September 14, 2011, and the PCR court dismissed Petitioner's application in its entirety on November 3, 2011.

Petitioner timely filed a notice of appeal (Dkt. No. 18-6), and filed a petition for writ of certiorari in the South Carolina Supreme Court, raising the issue that "the PCR court erred in finding Counsel's performance was not deficient where Counsel failed to object to the prosecution's comment in closing argument that the Complaining Witness'[s] clothes were ripped off . . . where there was no evidence that the clothes were ripped." (Dkt. No. 18-7 at 3). Petitioner also raised three additional arguments in his *pro se* response to the *Johnson* petition: (1) that the PCR court erred in finding that there was no ineffective assistance of counsel when trial counsel failed to properly cross-examine the complaining witness about a prior inconsistent statement that she and the Petitioner engaged in oral sex, (2) that the PCR court erred in finding trial counsel's performance was not deficient in counsel's failure to provide a defense for Petitioner's kidnapping indictment, and (3) the PCR Court erred in finding trial counsel's performance was not deficient in employing an invalid trial strategy. (Dkt. No. 18-8). On May 22, 2014, the South Carolina Supreme Court filed an order denying certiorari and granting PCR counsel's petition to be relieved (Dkt. No. 18-9). The South Carolina Court of Appeals remitted the matter on June 9, 2014. (Dkt. No. 18-10).

Petitioner filed this Petition for Writ of Habeas Corpus on December 30, 2014. (Dkt. No. 1). Petitioner raises four grounds for relief: the lower courts erred in finding that counsel's performance was not deficient (1) where counsel failed to cross examine the complaining witness about a prior inconsistent statement that she and the petitioner engaged in oral sex, (2)

2

where counsel failed to provide a defense for petitioner's kidnapping indictment, (3) where counsel failed to object to the prosecution's comment in closing argument that the complaining witness's clothes were ripped off, and (4) where counsel failed to employ a valid trial strategy. (Dkt. No. 1-1).

The Magistrate Judge found that none of the Petitioner's grounds satisfied § 2254(d)'s standards and that all of the grounds lacked merit. (Dkt. No. 26). Petitioner subsequently filed objections (Dkt. No. 24).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

**B. Federal Habeas Review**

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**C. Habeas Review of Ineffective Assistance of Counsel**

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

4

"The standards created by *Strickland* and § 2254(d) are both highly deferential . . . and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). In applying § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

### III. Discussion

Petitioner's first ground for relief is that trial counsel failed to cross-examine the complaining witness with impeachment evidence related to the witness engaging in oral sex with the Petitioner. (Dkt. No. 1-1 at 1). Petitioner did not raise any specific objections to the Magistrate Judge's findings that the PCR court's rejection of the first grounds for relief involved neither an unreasonable application of clearly established federal law, nor a decision based on an unreasonable determination of the facts in light of evidence presented. The Court finds that the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that Petitioner's first grounds for relief failed to meet the § 2254(d) standards. Further, the Court may not second guess an attorney's reasonable trial strategy and tactics. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (per curiam). Accordingly, the Court adopts the Magistrate Judge's finding on this issue as its own.

Petitioner's second ground for relief is that trial counsel failed to provide a defense for petitioner's kidnapping indictment. (Dkt. No. 1-1 at 5). Again, Petitioner failed to raise any specific objections to the Magistrate Judge's findings that the PCR court's rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established federal law under § 2254(d)(1). Because the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that Petitioner's first grounds for relief failed to

5

meet § 2254(d)(1)'s standards, the Court adopts the Magistrate Judge's findings on this issue as its own.

Petitioner's third ground for relief is that the trial counsel failed to object to the prosecution's closing argument that the complaining witness's clothes were ripped off. (Dkt. No. 1-1 at 7). Petitioner generally objects that the Magistrate Judge's determination that his trial attorney's performance failed to meet the *Strickland* standard. (*See* Dkt. No. 28 at 1-2). This objection stems from a portion of the prosecution's closing statement in which it stated, "[Petitioner] rips her bottoms off her, rips her underwear off, rips her top off, rips her bra off." (Dkt. No. 18-2 at 29). To support his argument, petitioner points the following exchange between the prosecution and the complaining witness: "Q: And how do your clothes come off? A: By force. *He made me take them off.*" (Dkt. No. 18-1 at 80 (emphasis added)). Although the PCR did not address the complaining witness's response in its entirety, it found that closing argument "merely re-state[d] what the victims testimony show[ed]." (Dkt. No. 18-2 at 237). That is, the fact that Petitioner's trial counsel did not object constituted neither error nor prejudice because the victim testified that her clothes were removed "by force." And the Magistrate Judge thoroughly summarized the reasons for finding that the PCR court's conclusion was not an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence. The Court now adopts the Magistrate Judge's findings as his own.

Petitioner's fourth and final ground for relief is that trial counsel employed an invalid trial strategy. (Dkt. No. 1-1 at 12). Petitioner provides no specific objections to the Magistrate Judge's determinations that (1) this ground fails to satisfy the § 2254 standards, and (2) the fact that a presumption of correctness attaches to state court factual findings. (*See* Dkt. No. 28 at 14

6

("The Petitioner reiterate[s] all of his previous assertions on this issue to establish his position.")). Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 26), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 19), and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 13, 2016
Charleston, South Carolina

7